IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

RAFAEL COLLAZO-APONTE

    Petitioner

             v.                          **Civil No. 11-1031 (SEC)**

JERRY C. MARTINEZ

    Respondent

**OPINION AND ORDER**

Before the Court are pro se petitioner Rafael Collazo-Aponte's application for a writ of habeas corpus (Docket # 3) pursuant to 28 U.S.C. § 2241 (the "Petition"), and the Government's unopposed motion to dismiss. Docket # 7. After reviewing the filings, and the applicable law, the Government's motion is **GRANTED**.

**Factual and Procedural Background**

On June 4, 1998, the District Court of Puerto Rico sentenced Collazo to a total imprisonment term of two-hundred and seventy-one (271) months for Conspiracy to Possess an Excess of 50 grams of Cocaine Base in violation of 21 U.S.C. §846,841(a) (1); and Unlawful Use of a Firearm during and in Relation to a Drug Trafficking Offense, in violation of 18 U.S.C. §924(c)(1). See Crim. No. 95-29-47. On March 27, 2010, however, the court amended Collazo's judgment, and changed the term of incarceration to two-hundred and eleven 211 months. Id. Collazo, who is currently incarcerated in the Metropolitan Detention Center ("MDC") in Guaynabo, Puerto Rico, has a projected release date of October 13, 2012. Docket # 3, p. 1.

Because Collazo's whole Petition relates to the Second Chance Act of 2007, Pub. L. 110–199, 122 Stat. 657 (the"SCA"), a brief introduction to this recent federal law is convenient. The SCA changed, among other things, the way the Bureau of Prisons ("BOP") makes pre-release Residential Re-Entry Center ("RRC) placement decisions. See generally id. In jargon,

RRC is a halfway house that aids a prisoner transition into society. See Black's Law Dictionary 1424 (9th ed. 2009). As relevant here, the SCA amended 18 USCA § 3624(c); it now reads as follows:

> The Director of the BOP shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Because Collazo provides no factual support in support of his contentions, the Court has no option but to draw its narrative from the Government's well-sustained chronology.[1] On March 9, 2011, MDC Case Manager Maria Rodriguez assessed Collazo's pre-release RRC placement. According to Rodriguez's declaration under penalty of perjury, based on a individualized opinion of Collazo, she made a recommendation of "[g]reater than (>) two-hundred and seventy (270) days of RRC placement." Docket # 7-3, Exh. C. In other words, out of a statutory maximum of twelve months, Rodriguez recommended nine. On or around August, 2011, the Community Corrections Management office ("CCM") reduced Rodriguez's recommendation to one-hundred and eighty (180) days. See Docket # 7, p. 3. On August 17, 2011, Collazo was officially informed of this determination.

Puzzlingly, Collazo filed the Petition on January 13, 2011, two months before Rodriguez's assessment. Notwithstanding this red flag, Collazo challenges his RRC placement: the BOP's decision to allow him to be transferred to RRC for a period of less than twelve months. See generally Docket # 3. Collazo essentially requests that this Court order the BOP to send him to a RRC for twelve months, as opposed to six. Id.

The Government contends that because Collazo failed to exhaust the BOP Administrative Remedies Procedures, the Court should dismiss the Petition. Docket # 7, p. 4.

---

[1] As discussed below, Collazo's lack of factual averments most likely has to do with the Petition being a literal copy of another § 2241 petition filed elsewhere.

**CIVIL NO. 11-1031 (SEC)**                                                                 Page 3

Alternatively, the Government posits that the Petition is moot. Id., p. 18. Collazo admits not having filed any administrative remedies request under the BOP's Administrative Remedies Procedures. See Docket # 7-4, Exh. D.

### Standard of Review

28 U.S.C. § 2241 is the appropriate vehicle for challenging BOP regulations. See Muniz v. Sabol, 517 F.3d 29, 34 (1st Cir. 2008). Prisoners seeking such relief, however, are subject to administrative exhaustion requirements. Skinner v. Wiley, 355 F.3d 1293, 1294–95 (11th Cir. 2004); De La Cova Y Gonzalez Abreu v. United States, 611 F.Supp. 137, 139 (D.P.R. 1985). Furthermore, the petitioner bears the burden of establishing, by a preponderance of the evidence, that he is entitled to relief. United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978).

### Applicable Law and Analysis

As previously noted, Collazo concedes that he failed to exhaust any administrative remedies prior to filing the Petition. However, Collazo advances a plethora of arguments to justify his omission. Unfortunately for Collazo, this Court finds that the Petition appears to be a "copy-paste" of a § 2241 petition filed last year in the District Court of Hawaii. See Pasion v. McGrew, No. 10-0044, WL 3184518 (D. Hawai'i. 2010). The Court is persuaded by its sister court's analysis rejecting identical and unavailing contentions:

> When it passed the [SCA], Congress expressly stated that "[n]othing in this Act or an amendment made by this Act shall be construed as creating a right or entitlement to assistance or services for any individual, program, or grant recipient." 42 U.S.C. § 17504. A plain reading of § 3624(c)(1), as amended by the Act, reveals that while the BOP Director must ensure that an inmate spends "a portion" of the final months of his sentence in a community correctional facility or RRC, the Director has the discretion to set the time period which may "not exceed 12 months." The twelve-month time period is a maximum time limit-the BOP Director is not required to place a prisoner in an RRC for 12 months.

WL 3184518, at *3.

**CIVIL NO. 11-1031 (SEC)**                                                                 Page 4

---

In other words, the SCA did not confer prisoners with a statutory right to twelve months in RRC. The SCA does require, however, that inmates be individually considered for placement in an RRC based on the following five factors:

> (1) the resources of the facility contemplated;
> (2) the nature and circumstances of the offense;
> (3) the history and characteristics of the prisoner;
> (4) any statement by the court that imposed the sentence . . . .; and
> (5) any pertinent policy statement issued by the U.S. Sentencing Commission.

18 U.S.C. § 3621(b).

As in Pasion, Collazo offers no evidence that he was improperly evaluated for RRC eligibility. On the contrary, Rodriguez's affidavit clearly attests that Collazo was individually reviewed and evaluated pursuant to the foregoing factors. Docket #7, p. 17. Moreover, Collazo's requests are merely a *verbatim* recitation of the rejected petition in Pasion: that this Court order "the BOP in good faith to consider Petitioner on an individualized basis using the five factors set forth in 18 U.S.C. § 3621(b)." Docket #3, p. 25. Such a request is patently insufficient for habeas relief. See Miller v. Whitehead, 527 F.3d 752, 757-58 (8th Cir. 2008). Because Collazo's imprisonment does not violate the law, the Petition is denied.

**Conclusion**

Based on the foregoing, Collazo's Section 2254 petition is **DENIED**, and the instant case is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 19th day of December, 2011.

*S/Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge